UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FOR MYERS DIVISION

IVETTE ESTRADA RABELO
f/k/a IVETTE BONFIM,

    Plaintiff,

v.                                                         Case No.: 2:19-cv-849-38NPM

EQUIFAX INFORMATION
SERVICES, LLC and
W.S. BADCOCK CORPORATION,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant W.S. Badcock Corporation's Motion to Dismiss Counts III and IV of the Amended Complaint for Failure to State a Claim. (Doc. 33). Plaintiff filed a Response in Opposition. (Doc. 35). For the following reasons, the Motion is granted in part and denied in part with leave to amend.

## **BACKGROUND**

Plaintiff Ivette Estrada Rabelo ("Estrada") filed this action against W.S. Badcock Corporation and Equifax Information Services, LLC under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* Estrada alleges that Badcock furnished erroneous information to Equifax, which, in turn, reported the inaccurate information on Estrada's credit report. (Doc. 26 at ¶ 26). As a result, she was denied for certain credit and

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

approved for less favorable terms than if the debt to Badcock were not reported. (Doc. 26 at ¶ 29).

In November 2016, Estrada incurred a debt from Badcock to purchase furniture for her residence. (Doc 26 at ¶ 12). In early 2018, Estrada filed for Chapter 7 voluntary bankruptcy. (Doc. 26 at ¶ 14). A few months later, the Bankruptcy Court discharged Estrada's debt to Badcock. Both Equifax and Badcock were notified of the discharge but Badcock still reported the debt as delinquent. (Doc. 26 at ¶ 18-19). Once Estrada became aware of the error, she sent dispute letters to both Badcock and Equifax. (Doc. 26 at ¶ 21). Even after disputing the debt, Estrada's credit report did not reflect either her bankruptcy discharge or that she disputed the debt. (Doc. 26 at ¶ 25).

The Amended Complaint[2] brings four claims against Badcock and Equifax. (Doc. 26). Counts I and II allege violations of the FCRA against Equifax and Badcock respectively. (Doc. 26 at 5–8). Counts III and IV allege violations of the FCCPA (§ 559.72(5);(6)) against Badcock. (Doc. 26 at 8–10). Badcock now moves to dismiss Counts III and IV of the Amended Complaint with prejudice, arguing the FCCPA claims premised on credit reporting activity are preempted by the FCRA. (Doc. 33 at 4). Estrada responds in opposition that her FCCPA claims are not preempted because they are not based on credit reporting activity, but on debt collection. (Doc. 35). This matter is ripe for review.

## STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.

---

[2] Plaintiff amended her complaint as a matter of course. Fed. R. Civ. P. 15(a)(1)(B).

*Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Christopher v. Harbury,* 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiffs complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.,* 540 F.3d 1270, 1274 (11th Cir.2008) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

**DISCUSSION**

Badcock argues Estrada's FCCPA statutory claims are preempted by the FCRA because they allege disclosures of false information to credit reporting agencies. (Doc. 33 at 4). The FCRA begins with a general rule that it "does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers." 15 U.S.C. § 1681t(a) – "Relation to State Laws." But, the FCRA goes on to list "General Exceptions" in which it does preempt state law that regulates certain matters. 15 U.S.C. § 1681t(b). Specifically, for our purposes here the FCRA preempts state law "relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Section 1681s-2 instructs credit information providers how to report credit information and investigate disputed information. For example, furnishers of information must conduct an investigation of the disputed

3

information, review all relevant information, and report the results of an investigation to consumer reporting agencies. 15 U.S.C. § 1681s-2(b)(1)(A)-(C).

Courts have interpreted section 1681s–2 to preempt claims based on furnishing of information to reporting agencies, but not debt collection practices. *Menashi v. American Home Mortgage Servicing Inc.*, No. 8:11–cv–1346–T–23EAJ, 2011 WL 4599816 at *2 (M.D. Fla. Oct. 4, 2011) ("'unfair debt collection practices claim survives [FCRA] preemption' if the defendant's debt collecting is separate from the defendant's credit reporting.") (quoting *Ross v. FDIC*, 625 F.3d 808, 810, 817 (4th Cir. 2010)); *accord Osborne v. Vericrest Fin., Inc.,* 2011 WL 1878227 (M.D. Fla. 2011) (holding a FCCPA claim preempted by the FCRA "to the extent [the claim] is premised on credit reporting activity" but not to the extent the claim arises from "repeated[ ] telephoning [of] Plaintiffs demanding payment of a debt")). And Estrada argues that her claims are not related to furnishing information to reporting agencies, but to debt collection, which is beyond the scope of section 1681s-2. (Doc. 35). But Estrada cannot have her cake and eat is too. She alleges Badcock is a furnisher within the meaning of the FCRA (Doc. 26 at ¶ 10) and Badcock does not disputed the allegation. So, the Court considers this allegation in the Amended Complaint as true and deems Badcock a furnisher within the meaning of the FCRA. (Doc. 26 at 2).

Moreover, although she argues otherwise, the allegations in the Amended Complaint speak for themselves wherein Estrada alleges that Badcock violated the various responsibilities listed in section 1681s-2. (Doc. 26 at ¶ 47-51). In Count III, she alleges that Badcock "falsely inform[ed] Equifax that Ms. Estrada still owed the Debt when it had been legally discharged in bankruptcy." (Doc. 26 at ¶ 65). Likewise, in Count IV,

4

she alleges Badcock "report[ed] information about the Debt to Equifax without also disclosing the fact that Ms. Estrada had disputed the debt with Badcock." (Doc 26 at ¶ 71).

Estrada's FCCPA claims are thus squarely within the ambit of furnishing information to credit reporting agencies – which are expressly preempted by the FCRA. *See* Osborne v. Vericrest Fin., Inc., No. 8:11-CV-716-T-30TBM, 2011 WL 1878227, at *2 (M.D. Fla. May 17, 2011) ("Defendant argues that Plaintiff's claim is partially preempted by the FCRA to the extent that it alleges disclosure of false information to credit reporting agencies. The Court agrees."). She is not claiming any conduct of debt collection separate from Badcock's credit reporting. Counts III and IV of the Amended Complaint under the FCCPA are thus preempted by the FCRA.

Because a party generally should be given at least one opportunity to amend before the court dismisses a complaint with prejudice, Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001), the Court will provide Plaintiff with an opportunity to file an amended complaint setting forth any FCCPA claims that could survive preemption.

Accordingly, it is

**ORDERED:**

(1) Defendant W.S. Badcock Corporation's Motion to Dismiss Counts III and IV of the Amended Complaint for Failure to State a Claim (Doc. 33) is **GRANTED IN PART AND DENIED IN PART.** The Motion is granted to the extent that Count III and Count IV of the Amended Complaint (Doc. 26) are dismissed, but the Court will dismiss the claims without prejudice with leave to amend.

(2)     Plaintiff may file, on or before **March 23, 2020**, a second amended complaint in accordance with this Opinion and Order.  **Failure to file a second amended complaint will result in Counts III and IV being dismissed without further notice** and the case will proceed on the Amended Complaint (Doc. 26) absent Counts III and IV.

**DONE AND ORDERED** at Fort Myers, Florida on this 10th day of March 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Parties of Record