UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IVETTE ESTRADA RABELO f/k/a
Ivette Bonfim,

    Plaintiff,

v.                                Case No:   2:19-cv-849-FtM-38NPM

EQUIFAX INFORMATION
SERVICES, LLC and W.S.
BADCOCK CORPORATION,

    Defendants.

## ORDER

Before the Court is Plaintiff's Motion to Strike Defendant W.S. Badcock Corporation's Affirmative Defenses (Doc. 43). No response was filed to the motion and the time to respond has lapsed. After the response time, Badcock filed a Motion for Leave to File a Memorandum of Law in Opposition to the motion to strike. (Doc. 47). But Badcock's motion is moot because the motion strike is denied.

**I.    Background**

Plaintiff Ivette Estrada Rabelo filed a four-count Complaint against Defendants Equifax Information Services, LLC and W.S. Badcock Corporation. (Doc. 26). Only Count II, the claim for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, against Badcock survives. (*See* Docs. 38, 40, 46, 49).

In sum, Plaintiff alleges she incurred a debt with Badcock in November 2016, and in 2018 filed a Chapter 7 bankruptcy petition. (Doc. 16 , ¶¶12-16). Plaintiff claims the debt was eventually discharged by the Bankruptcy Court. (*Id.*, ¶¶ 18-19). But even after Equifax notified Badcock that Plaintiff disputed the debt on her credit report because it

was discharged in bankruptcy, Badcock did nothing. (*Id.*, ¶¶ 21-26). Plaintiff claims by continuing to report the debt as due and owing, Badcock violated the FCRA. (*Id.*, ¶¶ 26, 46-56). And Plaintiff claims Badcock's willful or negligent actions or inactions caused a variety of damages to Plaintiff. (*Id.*, ¶¶ 57-59).

## II.   Analysis

An affirmative defense is an assertion by a defendant that, if true, will defeat a plaintiff's claim, even if all of the allegations of the complaint are true. *Fed. Deposit Ins. Corp. for Superior Bank v. Hall*, No. 8:14-CV-834-T-24 TGW, 2016 WL 7325590, *2 (M.D. Fla. Aug. 29, 2016) (citation omitted). Pursuant to Rule 12(f), a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Harvey v. Home Depot U.S.A., Inc.*, No. 8:05-CV-936-T-24EAJ, 2005 WL 1421170, *1 (M.D. Fla. June 17, 2005). Though motions to strike are permitted, they are considered a "drastic remedy, which is disfavored by the courts and will usually be denied" except under certain circumstances. *Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002).

In fact, courts in this district have held affirmative defenses will only be stricken if the defense is facially insufficient as a matter of law. *United States Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD*, No. 8:19-CV-448-T-33CPT, 2019 WL 3323477, *2 (M.D. Fla. July 24, 2019) (citing *Hamblen v. Davol, Inc.*, No. 8:17-cv-1613-T-33TGW, 2018 WL 1493251, *3 (M.D. Fla. Mar. 27, 2018); (quoting *Microsoft Corp. v. Jesse's Computs. & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)). "An affirmative defense is insufficient as a matter of law if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* (citation omitted); *see also Yellow Pages Photos,*

*Inc. v. Ziplocal, LP*, No. 8:12-cv-755-T-26TBM, 2012 WL 12920185 (M.D. Fla. Sept. 17, 2012) (finding the "pleading requirements of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 do not apply to affirmative defenses").

Here, Plaintiff does not challenge the legal basis for the First, Second, Third, and Sixth Affirmative Defenses. The Court therefore denies the motion to strike as to these defenses.[1] Next, the Court considers Plaintiff's legal challenges to the Fourth and Fifth Affirmative Defenses.

Badcock's Fourth Affirmative Defense provides:

> Plaintiff's recovery against Badcock should be limited to the extent that Badcock is entitled to setoff in the amount of her debt to Badcock if such debt was not properly scheduled and discharged in bankruptcy.

(Doc. 39, p. 8). Plaintiff argues that this affirmative defense should be stricken because any debt to Badcock was discharged in the bankruptcy proceeding. (Doc. 43, p. 6). But this is a factual dispute and not a basis to strike an affirmative defense.

Plaintiff also argues setoff is not an available affirmative defense under the FCRA, citing *In re Runyan*, 530 B.R. 801, 808 (Bankr. M.D. Fla. 2015); *Brook v. Chase Bank USA, N.A.*, 566 F. App'x 787, 790 (11th Cir. 2014). (*Id.*, pp. 6-7). Plaintiff argues setoff of damages under consumer protection statutes like the FCRA, "has been consistently rejected by courts as contravening the very purpose of such statutes." (Doc. 43, p. 7). As this Court already determined in the FCCPA context,[2] "Plaintiff's argument that a set-off defense is 'contrary to the law' is overstated." *Braunstein v. Marsh Landing Cmty. Ass'n*

---

[1] Plaintiff withdrew the claim for estoppel from the Second Affirmative Defense and withdrew the Seventh Affirmative Defense in its entirety. (Doc. 42, Stipulation for Withdrawal of Certain Affirmative Defenses).

[2] Florida Consumer Collection Protection Act ("FCCPA"), Fla. Stat. § 559.72.

*at Estero, Inc.*, No. 2:19-CV-700-FTM-29MRM, 2020 WL 1466759, *2 (M.D. Fla. Mar. 26, 2020) (citing *Brook*, 566 F. App'x at 790). In both cases cited by Plaintiff, the courts determined the decision whether to permit or disallow a setoff defense under the FCCPA is within the bankruptcy court's "sound discretion." *In re Runyan*, 530 B.R. at 808; *Brook*, 566 F. App'x at 790; *see also Braunstein*, 2020 WL 1466759, at *2 (finding *Brook* "held that the bankruptcy court did not abuse its discretion when it declined to set off statutory damages and attorney's fees awarded under the FCCPA against a pre-petition debt discharged in bankruptcy. The implication is that the Court had the discretion to allow a set off."). For these reasons, the Court will not strike this affirmative defense.

Badcock's Fifth Affirmative Defense provides:

> Plaintiff's recovery against Badcock should be limited to the extent that noncompliance with the FCRA, if any such noncompliance occurred, was not intentional, resulted from a *bona fide* error, and occurred notwithstanding the maintenance of policies and procedures that Badcock reasonably adapted to avoid any such error.

(Doc. 39, p. 8).

Plaintiff argues the *bona fide* error defense is available to actions brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, but does not apply to FCRA claims, citing *Robinson v. Nat'l Credit Sys., Inc.*, No. 2:17-CV-386-FTM-99CM, 2018 WL 1877462, *4 (M.D. Fla. Apr. 19, 2018). (Doc. 43, p. 8). Plaintiff's reading of *Robinson* overstates the Court's holding because the defendant in that matter did not contest the point. *Robinson*, 2018 WL 1877462, at *4. Plaintiff has not shown that a *bona fide* error defense under the FCRA is patently frivolous, clearly invalid, or specifically prohibited. *Spartan Sec. Grp., LTD*, 2019 WL 3323477, at *2. Therefore, the Court will

not strike this defense. Plaintiff is not foreclosed from contesting the merits of this affirmative defense later in the proceedings.

Accordingly, it is hereby **ORDERED**:

(1) The Motion to Strike Affirmative Defenses (Doc. 43) is **DENIED**.

(2) The Motion for Leave to File a Memorandum of Law in Opposition (Doc. 47) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 22, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE